**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **C.G.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**SAFI INVESTMENT, INC.,**<br><br>**Defendant.** | **Civil Action No. 1:26-cv-02999-MLB** |

**DEFENDANT SAFI INVESTMENT, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW** Defendant Safi Investment, Inc. ("Safi") by and through undersigned counsel, and files this its Answer and Affirmative Defenses to Plaintiff's Complaint, respectfully showing the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendant, over whom Defendant has no control, or

by the superseding intervention of causes outside Defendant's control.

**THIRD DEFENSE**

The intervening acts or omissions of persons, firms or corporations other than Defendant are the proximate cause or causes of Plaintiff's alleged injuries; thus, Plaintiff is not entitled to recover against Defendant in any sum or manner whatsoever.

**FOURTH DEFENSE**

There is no clear and convincing evidence that Defendant is guilty of willful, conscious and wanton indifference or that Defendant acted with knowing and/or reckless disregard for the rights, safety and welfare of the Plaintiff or the public, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

**FIFTH DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Georgia.

**SIXTH DEFENSE**

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth

Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the Constitution of the State of Georgia.

## SEVENTH DEFENSE

If Defendant is determined to be liable, any recovery by Plaintiff must be reduced by a pro-rata amount attributable to the fault of any parties and nonparties who contributed to the alleged injury pursuant to O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff's claims may be barred by the doctrine of assumption of the risk.

## TENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by Plaintiff's comparative and/or contributory negligence.

## ELEVENTH DEFENSE

Defendants reserve the right to assert any defenses or affirmative defenses available under O.C.G.A. § 9-11-12, O.C.G.A. § 9-11-8, F.R.C.P. 8(c), or any other

applicable provision of statutory or common law as may be appropriate based upon evidence discovered in the pursuit of this litigation.

**THIRTEENTH DEFENSE**

Plaintiff has failed to plead facts sufficient to support her claim for attorney's fees and costs.

**FOURTEENTH DEFENSE**

Defendant's alleged acts and omissions were not the proximate cause of Plaintiffs' alleged damages.

**FIFTEENTH DEFENSE**

Subject to and without waiving the foregoing Affirmative Defenses, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

**ANSWER TO PLAINTIFF'S COMPLAINT**

1.

Defendant Safi admits Plaintiff is identified in this Complaint by her initials. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant Safi admits it is subject to the jurisdiction and venue of this Court. Defendant Safi admits it can be served by serving its Registered Agent, Kazi Nahid. Defendant Safi denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint. Responding further, Defendant Safi states it was a Georgia corporation but has been administratively dissolved, and the registered address for its Registered Agent is 4979 Old National Hwy, College Park, GA 30349.

3.

Defendant Safi admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant Safi admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Safi denies the allegations in Paragraph 5 of Plaintiff's Complaint, including each enumerated subpart.

6.

Defendant Safi admits 18 U.S.C. § 16591(a) and O.C.G.A. § 16-5-46(8)(B) are statutes related to commercial sex trafficking. Defendant Safi denies the

remaining allegations, legal conclusions, and characterizations in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant Safi denies the allegations in Paragraph 7 of Plaintiff's Complaint, including each enumerated subpart.

8.

Defendant Safi denies the allegations in Paragraph 8 of Plaintiff's Complaint.

**I. C.G.'s Trafficking at the Super 8.**

9.

Defendant Safi denies the allegations in this paragraph to the extent they allege negligence or fault against Defendant Safi. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Safi denies it knew or should have known the number of daily, older male visitors to the room and denies there were clear indications C.G. was a child or was trafficked for sex at the hotel. Defendant Safi is without knowledge as to whether C.G. was trafficked at the Super 8 by a violent trafficker and whether she

was made to have sex with roughly 6 to 7 men each day. Defendant Safi denies any remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant Safi denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant Safi denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant Safi denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Safi denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant Safi denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant Safi denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Safi denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant Safi denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant Safi denies the allegations in Paragraph 26 of Plaintiff's Complaint.

## II. Defendant's Knowledge of Crime at the Super 8.

27.

Defendant Safi denies the allegations in Paragraph 27 of Plaintiff's

Complaint.

28.

Defendant Safi denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant Safi admits it owned and operated the Super 8 for a period of time and had employees that worked there. Defendant Safi denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant Safi denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson stated, observed, or

believes. Defendant Safi denies the remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant Safi denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant Safi denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant Safi denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant Safi denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Evans stated, observed, or believes. Defendant Safi denies the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Evans observed. Defendant Safi denies the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Evans observed. Defendant Safi denies the remaining allegations in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether and why Plaintiff's alleged trafficker brought her to the Super 8 hotel. Defendant Safi denies the remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.

Defendant Safi is without knowledge or information sufficient to form a belief as to the existence, truth, or accuracy of the purported online reviews. Defendant Safi denies the remaining allegations in Paragraph 47 of Plaintiff's Complaint.

48.

Defendant Safi denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.

Defendant Safi admits the police investigated and made arrests at the Super 8. Defendant Safi denies the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant Safi denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant Safi denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant Safi denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.

Defendant Safi denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.

Defendant Safi denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant Safi denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant Safi denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant Safi denies the allegations in Paragraph 57 of Plaintiff's Complaint.

## III. Defendant's Knowledge of Sex Trafficking Generally.

58.

Defendant Safi denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant Safi denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant Safi denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant Safi denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant Safi denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.

Defendant Safi denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant Safi denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant Safi denies the allegations in Paragraph 65 of Plaintiff's Complaint, including each enumerated subpart.

66.

Defendant Safi denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.

Defendant Safi denies the allegations in Paragraph 67 of Plaintiff's Complaint, including each enumerated subpart.

68.

Defendant Safi denies it provided a market for Plaintiff to be confined and sold. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

**COUNT I**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**18 U.S.C. section 1595**

69.

Defendant incorporates its responses to Paragraphs 1 through 69 as if fully set forth herein.

70.

Defendant Safi denies the allegations in Paragraph 70 of Plaintiff's Complaint, including each enumerated subpart.

71.

Defendant Safi denies the allegations in Paragraph 71 of Plaintiff's Complaint, including each enumerated subpart.

72.

Defendant Safi denies the allegations in Paragraph 72 of Plaintiff's Complaint, including each enumerated subpart.

73.

Defendant Safi is without knowledge as to as to whether Plaintiff was sex trafficked and whether she was falsely imprisoned at the Super 8. Defendant Safi denies the remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant Safi denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75.

Defendant Safi denies the allegations in Paragraph 75 of Plaintiff's Complaint.

76.

Defendant Safi denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.

Defendant Safi denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.

Defendant Safi denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.

Defendant Safi denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80.

Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

**COUNT II**
**STATUTORY LIABILITY: MASHA'S LAW, 18 U.S.C. SECTION 2255**

81.

Defendant incorporates its responses to Paragraphs 1 through 81 as if fully set forth herein.

82.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiff's Complaint.

83.

Defendant Safi denies it violated 18 U.S.C. § 1591 or any other statute. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 of Plaintiff's Complaint

84.

Defendant Safi denies the allegations in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant Safi denies the allegations in Paragraph 85 of Plaintiff's Complaint.

86.

Defendant Safi denies the allegations in Paragraph 86 of Plaintiff's Complaint.

**COUNT III**
**NUISANCE**

87.

Defendant Safi incorporates its responses to Paragraphs 1 through 87 as if fully set forth herein.

88.

Defendant Safi denies the referenced statute is accurately quoted and denies any remaining allegations in Paragraph 88 of Plaintiff's Complaint.

89.

Defendant Safi admits the referenced statute is accurately quoted. Defendant denies any remaining allegations in Paragraph 89 of Plaintiff's Complaint.

90.

Defendant Safi admits the referenced statute is accurately quoted. Defendant denies any remaining allegations in Paragraph 90 of Plaintiff's Complaint.

91.

Defendant Safi denies the referenced statute is fully or accurately quoted and denies any remaining allegations in Paragraph 91 of Plaintiff's Complaint.

**Public Nuisance**

92.

Defendant Safi denies the allegations in Paragraph 92 of Plaintiff's Complaint.

93.

Defendant Safi denies the allegations in Paragraph 93 of Plaintiff's Complaint.

94.

Defendant Safi denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95.

Defendant Safi denies the allegations in Paragraph 94 of Plaintiff's Complaint.

**Public Nuisance Per Se**

96.

Defendant Safi denies the allegations in Paragraph 96 of Plaintiff's

Complaint.

97.

Defendant Safi denies the allegations in Paragraph 97 of Plaintiff's Complaint, as stated.

98.

Defendant Safi denies the allegations in Paragraph 98 of Plaintiff's Complaint.

99.

Defendant Safi denies the allegations in Paragraph 99 of Plaintiff's Complaint.

100.

Defendant Safi denies the allegations in Paragraph 100 of Plaintiff's Complaint.

**DAMAGES**

101.

Defendant Safi incorporates its responses to Paragraphs 1 through 100 as if fully set forth herein.

102.

Defendant Safi denies the allegations in Paragraph 102 of Plaintiff's

Complaint, including each enumerated subpart.

103.

Defendant Safi denies the allegations in Paragraph 103 of Plaintiff's Complaint, including each enumerated subpart.

104.

Defendant denies all allegations not responded to herein and denies it is liable to Plaintiff in any way, either in law or equity.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Safi Investment, Inc. respectfully requests:

(a) A jury of twelve;

(b) Dismissal of Plaintiff's Complaint with prejudice;

(c) Costs of this action cast against Plaintiff;

(d) A judgment in Defendant's favor; and

(e) All other relief as this Court deems just and proper.

Respectfully submitted this 14th day of October 2026.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

/s/ Lisa K. Whitfield
Patrick B. Moore
Georgia Bar No. 520390
Lisa K. Whitfield
Georgia Bar No. 428950
Sarah J. Unatin
Georgia Bar No. 953061
*Counsel for Defendant Safi Investment, Inc.*

3344 Peachtree Rd, N.E., Ste 2400
Atlanta, Georgia 30326
Tel. (404) 876-2700 | Fax (404) 875-9433
Pmoore@wwhgd.com
lwhitfield@wwhgd.com
Sunatin@wwhgd.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1 AND 7.1D**

Under Local Rules 5 .1 (C) and 7. l (D), I hereby certify the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Dated: October 14, 2026

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Lisa K. Whitfield
Lisa K. Whitfield
Georgia Bar No. 428950

**CERTIFICATE OF SERVICE**

I hereby certify I have this day filed a copy of the foregoing ***Defendant Safi Investment, Inc.'s Answer and Affirmative Defenses*** via the Court's electronic filing system, which will automatically send notification to all counsel of record, as follows:

Jennifer Webster
Patrick J. McDonough
Jonathan s. Tonge
ANDERSEN, TATE & CARR
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097
jwebster@atclawfirm.com
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

This 14th day of October 2026.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Lisa K. Whitfield
Lisa K. Whitfield
Georgia Bar No. 428950

*Counsel for Defendant Safi Investment, Inc.*