IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| C.G. and T.D.,<br><br>Plaintiffs,<br><br>v.<br><br>SAFI INVESTMENT, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-2999-MLB |

**DEFENDANT SAFI INVESTMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**COMES NOW** Defendant Safi Investment, Inc. ("Safi") by and through undersigned counsel, and files this its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, respectfully showing the Court as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs' First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' alleged damages were caused in whole or in part by the acts or omissions of persons other than Defendant, over whom Defendant has no control, or by the superseding intervention of causes outside Defendant's control.

**THIRD DEFENSE**

The intervening acts of persons, firms, or corporations other than Defendant are the proximate cause or causes of Plaintiffs' alleged injuries; thus, Plaintiffs are not entitled to recover against Defendant in any sum or manner whatsoever.

**FOURTH DEFENSE**

There is no clear and convincing evidence that Defendant is guilty of willful, conscious and wanton indifference or that Defendant acted with knowing and/or reckless disregard for the rights, safety, and welfare of Plaintiffs or the public, and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum whatsoever.

**FIFTH DEFENSE**

Plaintiffs' First Amended Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Georgia.

**SIXTH DEFENSE**

Plaintiffs' First Amended Complaint, to the extent that is seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eight Amendment of the United States Constitution, and Article I,

Section 1 of the Constitution of the State of Georgia and violates Defendant's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the Constitution of the State of Georgia.

**SEVENTH DEFENSE**

If Defendant is determined to be liable, any recovery by Plaintiffs must be reduced by a pro-rata amount attributable to the fault of any parties and nonparties who contributed to the alleged injury pursuant to O.C.G.A § 51-12-33.

**EIGHTH DEFENSE**

Plaintiffs' claims are or may be barred in whole or in part by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiffs' claims may be barred by the doctrine of assumption of the risk.

**TENTH DEFENSE**

Plaintiffs' claims may be barred in whole or in part by Plaintiffs' comparative and/or contributory negligence.

**ELEVENTH DEFENSE**

Defendant reserves the right to assert any defenses or affirmative defenses available under O.C.G.A § 9-11-12, O.C.G.A. § 9-11-8, F.R.C.P. 8(c), or any other

applicable provision of statutory or common law as may be appropriate based upon evidence discovered in the pursuit of this litigation.

**TWELFTH DEFENSE**

Plaintiffs have failed to plead facts sufficient to support their claim for attorney's fees and costs.

**THIRTEENTH DEFENSE**

Defendant's alleged acts and omissions were not proximate cause of Plaintiffs' alleged damages.

**FOURTEENTH DEFENSE**

This Court lacks jurisdiction over some or all of Plaintiffs' claims.

**FIFTEENTH DEFENSE**

Venue is or may be improper as to Defendant Safi.

**SIXTEENTH DEFENSE**

Subject to and without waiving the foregoing Affirmative Defenses, Defendant responds to the individually numbered paragraphs of Plaintiffs' First Amended Complaint as follows:

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1.

Defendant Safi admits Plaintiffs are identified in this First Amended Complaint by their initials. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.

Defendant Safi admits it is subject to the jurisdiction and venue of this Court for Plaintiff C.G.'s claims. Defendant Safi admits it can be served by serving its Registered Agent, Kazi Nahid. Defendant Safi denies it is subject to the jurisdiction and venue of this Court for Plaintiff T.D.'s claims. Defendant Safi denies the remaining allegations in Paragraph 2 of Plaintiffs' First Amended Complaint. Responding further, Defendant Safi states it was a Georgia corporation but has been administratively dissolved, and the registered address for its Registered Agent is 4979 Old National Hwy, College Park, GA 30349.

3.

Defendant Safi admits the allegation in Paragraph 3 of Plaintiffs' First Amended Complaint.

4.

Defendant Safi admits jurisdiction is proper and admits venue is proper as to Plaintiff C.G.'s claims. Defendant Safi denies the remaining allegations in Paragraph 4 of Plaintiffs' First Amended Complaint.

5.

Defendant Safi denies the allegations in Paragraph 5 of Plaintiffs' First Amended Complaint, including each enumerated subpart.

6.

Defendant Safi admits 18 U.S.C. § 16591(a) and O.C.G.A. § 16-5-46(8)(B) are statutes related to commercial sex trafficking. Defendant Safi denies the remaining allegations, legal conclusions, and characterizations in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.

Defendant Safi denies the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint, including each enumerated subpart.

8.

Defendant Safi denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.

**I. C.G.'s trafficking at the Super 8**

9.

Defendant Safi denies the allegations in this paragraph to the extent they allege negligence or fault against Defendant Safi. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiffs' First Amended Complaint.

10.

Defendant Safi denies it knew or should have known the number of daily, older male visitors to the room and denies there were clear indications C.G. was a child or was trafficked for sex at the hotel. Defendant Safi is without knowledge as to whether C.G. was trafficked at the Super 8 by a violent trafficker or whether she was made to have sex with roughly 6 to 7 men each day. Defendant Safi denies any remaining allegations in Paragraph 10 of Plaintiffs' First Amended Complaint.

11.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint.

12.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' First Amended Complaint.

13.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.

Defendant Safi denies the allegations in Paragraph 14 of Plaintiffs' First Amended Complaint.

15.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' First Amended Complaint.

16.

Defendant Safi is without knowledge or information sufficient to form a belied as to the truth of the allegations in Paragraph 16 of Plaintiffs' First Amended Complaint.

17.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' First Amended Complaint.

18.

Defendant Safi denies the allegations in Paragraph 18 of Plaintiffs' First Amended Complaint.

19.

Defendant Safi denies the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.

Defendant Safi denies the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.

Defendant Safi denies the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.

Defendant Safi denies the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.

Defendant Safi denies the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint.

25.

Defendant Safi denies the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.

Defendant Safi denies the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint.

**II. T.D.'s trafficking at the Super 8.**

27.

Defendant Safi denies the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.

Defendant Safi denies the allegations in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' First Amended Complaint.

30.

Defendant Safi denies the allegations in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.

Defendant Safi denies the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.

Defendant Safi denies the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiffs' First Amended Complaint.

35.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint.

36.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38.

Defendant Safi denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

39.

Defendant Safi denies the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint.

40.

Defendant Safi denies the allegations in Paragraph 40 of Plaintiffs' First Amended Complaint.

41.

Defendant Safi denies the allegations in Paragraph 41 of Plaintiffs' First Amended Complaint.

42.

Defendant Safi denies the allegations in Paragraph 42 of Plaintiffs' First Amended Complaint.

43.

Defendant Safi denies the allegations in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.

Defendant Safi denies the allegations in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.

Defendant Safi denies the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.

Defendant Safi denies the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

**III. Defendant's knowledge of crime at the Super 8.**

49.

Defendant Safi denies the allegations in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.

Defendant Safi denies the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.

Defendant Safi admits it owned and operated the Super 8 for a period of time and had employees that worked there. Defendant Safi denies the remaining allegations in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant

Safi denies the remaining allegations in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 54 of Plaintiffs' First Amended Complaint.

55.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 55 of Plaintiffs' First Amended Complaint.

56.

Defendant Safi is without knowledge or information to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.

Defendant Safi denies the allegations in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.

Defendant Safi denies the allegations in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Jefferson observed. Defendant Safi denies the remaining allegations in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Evans stated, observed, or believes. Defendant Safi denies the remaining allegations in Paragraph 64 of Plaintiffs' First Amended Complaint.

65.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Evans observed. Defendant

Safi denies the remaining allegations in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Evans observed. Defendant Safi denies the remaining allegations in Paragraph 66 of Plaintiffs' First Amended Complaint.

67.

Defendant Safi is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding what Evans observed. Defendant Safi denies the remaining allegations in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether and why Plaintiff's alleged trafficker brought her to the Super 8 hotel. Defendant Safi denies the remaining allegations in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.

Defendant Safi denies the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.

Defendant Safi denies the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.

Defendant Safi denies the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint.

72.

Defendant Safi denies the allegations in Paragraph 72 of Plaintiffs' First Amended Complaint.

73.

Defendant Safi denies the allegations in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.

Defendant Safi is without knowledge or information sufficient to form a belief as to the existence, truth, or accuracy of the purported online reviews.

Defendant Safi denies the remaining allegations in Paragraph 74 of Plaintiffs' First Amended Complaint.

75.

Defendant Safi denies the allegations in Paragraph 75 of Plaintiffs' First Amended Complaint.

76.

Defendant Safi admits the police investigated and made arrests at the Super 8. Defendant Safi denies the remaining allegations in Paragraph 76 of Plaintiffs' First Amended Complaint.

77.

Defendant Safi denies the allegations in Paragraph 77 of Plaintiffs' First Amended Complaint.

78.

Defendant Safi denies the allegations in Paragraph 78 of Plaintiffs' First Amended Complaint.

79.

Defendant Safi denies the allegations in Paragraph 79 of Plaintiffs' First Amended Complaint.

80.

Defendant Safi denies the allegations in Paragraph 80 of Plaintiffs' First Amended Complaint.

81.

Defendant Safi denies the allegations in Paragraph 81 of Plaintiffs' First Amended Complaint.

82.

Defendant Safi denies the allegations in Paragraph 82 of Plaintiffs' First Amended Complaint.

83.

Defendant Safi denies the allegations in Paragraph 83 of Plaintiffs' First Amended Complaint.

84.

Defendant Safi denies the allegations in Paragraph 84 of Plaintiffs' First Amended Complaint.

**IV. Defendant's knowledge of sex trafficking generally.**

85.

Defendant Safi denies the allegations in Paragraph 85 of Plaintiffs' First Amended Complaint.

86.

Defendant Safi denies the allegations in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.

Defendant Safi denies the allegations in Paragraph 87 of Plaintiffs' First Amended Complaint.

88.

Defendant Safi denies the allegations in Paragraph 88 of Plaintiffs' First Amended Complaint.

89.

Defendant Safi denies the allegations in Paragraph 89 of Plaintiffs' First Amended Complaint.

90.

Defendant Safi denies the allegations in Paragraph 90 of Plaintiffs' First Amended Complaint.

91.

Defendant Safi denies the allegations in Paragraph 91 of Plaintiffs' First Amended Complaint.

92.

Defendant Safi denies the allegations in Paragraph 92 of Plaintiffs' First Amended Complaint, including each enumerated subpart.

93.

Defendant Safi denies the allegations in Paragraph 93 of Plaintiffs' First Amended Complaint.

94.

Defendant Safi denies the allegations in Paragraph 94 of Plaintiffs' First Amended Complaint, including each enumerated subpart.

95.

Defendant Safi denies it provided a market for Plaintiff to be confined and sold. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of Plaintiffs' First Amended complaint.

**COUNT I**
**STATUTORY LIABILITY: SEX TRAFFICKING**
**18 U.S.C. § 1595**
*(Plaintiff C.G.)*

96.

Defendant incorporates its responses to Paragraphs 1 through 96 as if fully set forth herein.

97.

Defendant Safi denies the allegations in Paragraph 97 of Plaintiffs' First Amended Complaint.

98.

Defendant Safi denies the allegations in Paragraph 98 of Plaintiffs' First Amended Complaint.

99.

Defendant Safi denies the allegations in Paragraph 99 of Plaintiffs' First Amended Complaint.

100.

Defendant Safi is without knowledge or information sufficient to form a belief as to whether Plaintiff C.G. was sex trafficked and whether she was falsely imprisoned at the Super 8. Defendant Safi denies the remaining allegations in Paragraph 100 of Plaintiffs' First Amended Complaint.

101.

Defendant Safi denies the allegations in Paragraph 101 of Plaintiffs' First Amended Complaint.

102.

Defendant Safi denies the allegations in Paragraph 102 of Plaintiffs' First Amended Complaint.

103.

Defendant Safi denies the allegations in Paragraph 103 of Plaintiffs' First Amended Complaint.

104.

Defendant Safi denies the allegations in Paragraph 104 of Plaintiffs' First Amended Complaint.

105.

Defendant Safi denies the allegations in Paragraph 105 of Plaintiffs' First Amended Complaint.

106.

Defendant Safi denies the allegations in Paragraph 106 of Plaintiffs' First Amended Complaint.

107.

Defendant Safi denies the allegations in Paragraph 107 of Plaintiffs' First Amended Complaint.

**COUNT II**
**STATUTORY LIABILITY: MASHA'S LAW, 18 U.S.C. § 2255**
*(Plaintiff C.G.)*

108.

Defendant incorporates its responses to Paragraphs 1 through 108 as if fully set forth herein.

109.

Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of Plaintiffs' First Amended Complaint.

110.

Defendant Safi denies it violated 18 U.S.C. § 1591 or any other statute. Defendant Safi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of Plaintiffs' Complaint.

111.

Defendant Safi denies the allegations in Paragraph 111 of Plaintiffs' First Amended Complaint.

112.

Defendant Safi denies the allegations in Paragraph 112 of Plaintiffs' First Amended Complaint.

113.

Defendant Safi denies the allegations in Paragraph 113 of Plaintiffs' First Amended Complaint.

**COUNT III**
**NUISANCE**
*(Plaintiffs C.G. and T.D.)*

114.

Defendant Safi incorporates its responses to Paragraphs 1 through 114 as if fully set forth herein.

115.

Defendant Safi denies the referenced statute is accurately quoted and denies any remaining allegations in Paragraph 115 of Plaintiffs' Complaint.

116.

Defendant Safi admits the referenced statute is accurately quoted. Defendant denies any remaining allegations in Paragraph 116 of Plaintiffs' Complaint.

117.

Defendant Safi admits the referenced statute is accurately quoted. Defendant denies any remaining allegations in Paragraph 117 of Plaintiffs' Complaint.

**Public Nuisance**

118.

Defendant Safi denies the allegations in Paragraph 118 of Plaintiffs' First Amended Complaint.

119.

Defendant Safi denies the allegations in Paragraph 119 of Plaintiffs' First Amended Complaint.

120.

Defendant Safi denies the allegations in Paragraph 120 of Plaintiffs' First Amended Complaint.

121.

Defendant Safi denies the allegations in Paragraph 121 of Plaintiffs' First Amended Complaint.

**Public Nuisance Per Se**

122.

Defendant Safi denies the allegations in Paragraph 122 of Plaintiffs' First Amended Complaint.

123.

Defendant Safi denies the allegations in Paragraph 123 of Plaintiffs' First Amended Complaint.

124.

Defendant Safi denies the allegations in Paragraph 124 of Plaintiffs' First Amended Complaint.

125.

Defendant Safi denies the allegations in Paragraph 125 of Plaintiffs' First Amended Complaint.

126.

Defendant Safi denies the allegations in Paragraph 126 of Plaintiffs' First Amended Complaint.

**DAMAGES**

127.

Defendant Safi incorporates its responses to Paragraphs 1 through 127 as if fully set forth herein.

128.

Defendant Safi denies the allegations in Paragraph 128 of Plaintiffs' First Amended Complaint, including each enumerated subpart.

129.

Defendant Safi denies the allegations in Paragraph 129 of Plaintiffs' First Amended Complaint.

130.

Defendant Safi denies the allegations in Paragraph 130 of Plaintiffs' First Amended Complaint.

131.

Defendant denies all allegations not responded to herein and denies it is liable to Plaintiff in any way, either in law or equity.

WHEREFORE, having fully responded to Plaintiffs' First Amended Complaint, Defendant Safi Investment, Inc. respectfully requests:

(a) A jury of twelve;

(b) Dismissal of Plaintiffs' First Amended Complaint with prejudice;

(c) Costs of this action cast against Plaintiff;

(d) A judgment in Defendant's favor; and

(e) All other relief as this Court deems just and proper.

Dated: October 29th, 2026

Respectfully submitted,

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/Sarah J. Unatin*

Patrick B. Moore
pmoore@wwhgd.com
Lisa K Whitfield
lwhitfield@wwhgd.com
Sarah Unatin
sunatin@wwhgd.com
3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: 404.876.2700
Facsimile: 404.875.9433
Attorneys for *Defendant Safi Investment, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1 AND 7.1D**

Under Local Rules 5 .1 (C) and 7. 1 (D), I hereby certify the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Dated: October 29, 2026

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/s/* Sarah J. Unatin

Sarah J. Unatin
Georgia Bar No. 953061
*Counsel for Safi Investment, Inc.*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Court's Standing Order, undersigned counsel certifies that no generative AI was used in the drafting or preparation of this filing (including in any research for the filing).

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

*/s/* Sarah J. Unatin

Sarah J. Unatin
Georgia Bar No. 953061
*Counsel for Safi Investment, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify I have this day filed a copy of the foregoing ***Defendant Safi Investment, Inc.'s Answer and Affirmative Defenses to Plaintiff;s First Amended Complaint*** via the Court's electronic filing system, which will automatically send notification to all counsel of record, as follows:

Jennifer Webster
Patrick J. McDonough
Jonathan s. Tonge
ANDERSEN, TATE & CARR
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097
jwebster@atclawfirm.com
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

This 29th day of October 2026.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ *Sarah J. Unatin*

Sarah J. Unatin
Georgia Bar No. 953061
*Counsel for Safi Investment, Inc.*