UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

C.G. and T.D.,

Plaintiffs,

v.

SAFI INVESTMENT, INC.,

Defendant.

CIVIL ACTION FILE

NO. 1:26-cv-2999-MLB

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

a. Describe briefly the nature of this action.

**This is a civil action in which Plaintiff C.G. asserts a claim of statutory liability against Defendant pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, and Masha's Law, 18 U.S.C. § 2255, and both Plaintiffs assert a claim under Georgia law for public nuisance and public nuisance per se.**

b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs allege that they were victims of sex trafficking at Defendant's hotel. Plaintiff C.G. further alleges that (i) Defendant benefited financially from her sex trafficking; (ii) Defendant (through its employees) helped facilitate her sex trafficking; and (iii) Defendant knew or should have known that the hotel was a venue for sex trafficking and other sex crimes. Both Plaintiffs' allege that Defendant's hotel was a public nuisance and public nuisance per se that caused them special damage.**

c. The legal issues to be tried are as follows:

**Plaintiff C.G.: TVPRA liability, Masha's Law liability, damages, punitive damages, public nuisance, public nuisance per se, attorneys' fees, and litigation expenses.**

**Plaintiff T.D.: damages, punitive damages, public nuisance, public nuisance per se, attorneys' fees, and litigation expenses.**

d. The cases listed below (include both style and action number) are:

i. Pending Related Cases: **None.**
ii. Previously Adjudicated Related Cases: **None.**

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1) Unusually large number of parties (before amendment)
_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside of United States boundaries

_____ (10) Existence of highly technical issues and proof

3. **Counsel**:

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs: Patrick J. McDonough and Jonathan S. Tonge**

**Defendant: Patrick B. Moore, Lisa K. Whitfield, and Sarah Unatin**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Plaintiffs:__YES _X_ NO

Defendant: _X_YES __ NO

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**<u>Defendant's Statement of Jurisdictional Objection</u>: Defendant objects to the Court's exercise of jurisdiction over T.D.'s claim (Count III as to T.D.). T.D. asserts no federal claim, and the First Amended Complaint pleads no basis for diversity jurisdiction. (See Doc. 19 ¶¶ 1-4.) T.D.'s state-law nuisance claim may therefore proceed in this Court only through supplemental jurisdiction, which extends to claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). State and federal claims meet that standard only if they "derive from a common nucleus of operative fact."** ***United Mine Workers v. Gibbs*****, 383 U.S. 715, 725 (1966). C.G.'s federal claims arise from her alleged trafficking in the spring of 2016, whereas T.D.'s claim arises from a separate alleged trafficking scheme that purportedly occurred over several weeks in the spring and summer of 2013 and involved different traffickers whom the Complaint does not connect to those alleged to have trafficked C.G. (Compare Doc. 19 ¶¶ 9–26, with id. ¶¶ 27–48.) The fact that both Plaintiffs allege they were trafficked at the same hotel does not establish the requisite nexus.** ***See Hudson v. Delta Air Lines, Inc.*****, 90 F.3d 451, 456 (11th Cir. 1996) (holding that the claims' only common factor did "not provide a sufficient nexus between the**

**federal and state causes to support supplemental jurisdiction"). Defendant has moved to dismiss T.D.'s claim on that basis. (Doc. 21.)**

**Plaintiffs' Position: Plaintiffs oppose Defendant's Motion to Dismiss in its entirety, as well as the above Jurisdictional Objection. As Plaintiffs further explain in their response to that Motion, the Court has supplemental jurisdiction over T.D.'s nuisance claim because that claim and C.G.'s own public nuisance and other federal claims clearly "derive from a common nucleus of operative fact" under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). [*See* Doc. 24]. Both claims turn on Defendant's own conduct at the same hotel: its ownership and management of the hotel, the practices of its employees, and its knowledge and facilitation of rampant sex trafficking activity on the property. T.D.'s nuisance claim rests on the same knowledge and facilitation, and the evidence overlaps substantially. Evidence of T.D.'s 2013 trafficking also bears directly on Defendant's prior knowledge of sex trafficking at the hotel, which is central to C.G.'s claims. The nexus Plaintiffs specifically rely on is Defendant's conduct and knowledge, and *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996), supports jurisdiction because these claims involve "similar occurrences, witnesses, and evidence." Further, T.D.'s claim raises no novel or complex issue of state law because Georgia nuisance law is well established; it does not predominate over the federal claims; and splitting the claims would duplicate litigation. *See Malphurs v. Cooling Tower Sys., Inc.*, 709 F. App'x 935, 940 (11th Cir. 2017).**

5. **Parties to this Action:**

   a. The following persons are necessary parties who have not been joined:

      **Plaintiffs: Any other persons or entities that owned, managed, operated, or controlled the hotel involved.**

      **Defendant: Plaintiffs' traffickers and any other persons who participated in Plaintiffs' alleged trafficking.**

   b. The following persons are improperly joined as parties:

      **Plaintiffs: None.**

**Defendant: Defendant contends that T.D.'s claim does not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as C.G.'s claims and that T.D. is therefore improperly joined. Fed. R. Civ. P. 20(a)(1)(A); *see* Fed. R. Civ. P. 21.**

c. The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

d. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings: None at this time.**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

a. List separately any amendments to the pleadings which the parties anticipate will be necessary: **None.**

b. Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a. Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b. Summary Judgment Motions: within thirty (30) days after the close of

discovery, unless otherwise permitted by court order. Local Rule 56.1.

c. Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d. Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**Defendant does not object to initial disclosures. Because Plaintiffs proceed by their initials, Defendant requests that each Plaintiff's initial disclosures state her full legal name, any other names or aliases she used during the periods alleged in the First Amended Complaint, and her date of birth, designated as confidential under the protective order described in Section 12, so that Defendant can identify records and witnesses relating to her claims.**

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court at this time.**

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the Complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery

period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties anticipate that discovery will be needed on the following topics; however, the parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:**

1. **Identification and location of witnesses, including former and current employees of the Defendant, Plaintiffs' traffickers, law enforcement, and others;**
2. **Defendant's alleged knowledge of trafficking for sex at its facility;**
3. **Any and all interactions Plaintiffs allegedly had with any of Defendant's agents, representatives, employees, or other personnel at the facility;**
4. **Plaintiffs' movements and location while at Defendant's hotel;**
5. **Defendant's employee training policies and practices;**
6. **Defendant's hiring policies and practices;**
7. **Defendant's security policies and practices;**
8. **Defendant's policies and procedures concerning customer complaints;**
9. **Defendant's policies and procedures concerning employee complaints;**
10. **Defendant's policies and procedures concerning relevant hotel incidents involving law enforcement;**
11. **Defendant's refund policy after check-in;**
12. **Defendant's responses to complaints of sex trafficking, drugs, prostitution, and other crime at the hotel;**
13. **Plaintiffs' prior and subsequent criminal and commercial sex history;**
14. **Plaintiffs' alleged trafficking or commercial sex activity at locations other than the hotel;**
15. **Plaintiffs' online advertisements, social media accounts, cellular**

**telephone records, and other electronic communications during the periods relevant to their claims;**

16. **Law enforcement and other governmental records concerning Plaintiffs, their alleged traffickers, and the hotel;**
17. **Any claims, lawsuits, settlements, or other recoveries by Plaintiffs relating to their alleged trafficking;**
18. **The nature and extent of Plaintiffs' alleged trafficking; and**
19. **The nature and extent of Plaintiffs' alleged damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request that this case be assigned to a six-month discovery track for fact discovery. The parties also request that expert disclosures for both parties be due on the day fact discovery closes; rebuttal-expert disclosures for both parties be due 30 days after the deadline for expert disclosures; and that expert discovery end 30 days after the deadline to disclose rebuttal experts. If neither party discloses an expert on the day fact discovery closes, any motions for summary judgment shall be due 30 days after the close of fact discovery.**

**Defendant has moved to dismiss the First Amended Complaint. (Doc. 21.) The motion seeks dismissal of Plaintiffs' claims, including on the ground that the First Amended Complaint fails to state a claim, and further challenges the Court's jurisdiction over T.D.'s claim. Courts have recognized that facial challenges to the legal sufficiency of a claim generally "should . . . be resolved before discovery begins."** ***Chudasama v. Mazda Motor Corp.*****, 123 F.3d 1353, 1367 (11th Cir. 1997). Accordingly, Defendant requests that all discovery, other than the exchange of initial disclosures, be stayed pending resolution of the Motion to Dismiss. If any claims remain following the Court's ruling, Defendant requests that the discovery period commence thirty days thereafter and proceed only as to those surviving claims.**

**Plaintiffs oppose Defendant's request to stay discovery. Courts in the Eleventh Circuit have consistently rejected the notion that** ***Chudasama*** **creates a broad rule that discovery must be stayed whenever a motion to dismiss is pending.** ***Roman v. Loandepot.com, LLC*****, No. 6:18-cv-1710-Orl-**

**31TBS, 2019 WL 13489088, at *2 (M.D. Fla. Feb. 7, 2019) (holding that the pendency of a motion to dismiss will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion); *see also Gottwald v. Producers Grp. I, LLC*, No. 12-81297-CIV, 2013 WL 1776154, at *[__] n.2 (S.D. Fla. Apr. 25, 2013) (holding that the argument that the court should defer any decision as to discovery until after adjudication of the motion to dismiss is not well taken). Further, a stay is unwarranted in this case because Defendant's Motion to Dismiss does not seek dismissal of the entire First Amended Complaint, so this request will not obviate the need for discovery in this case on Plaintiffs' remaining counts. Courts in the Eleventh Circuit have recognized that "a request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, No. CV413-208, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014); *see also Meshal v. Wright*, No. CV422-010, 2022 WL 2118337, at *2 (S.D. Ga. June 13, 2022); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

a. What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

b. Is there any party seeking discovery of electronically stored information?

**Yes, Plaintiffs are seeking electronically stored information from Defendant. Defendant is also seeking electronically stored information from Plaintiffs. The parties agree to exchange non-privileged electronically stored information in searchable pdf/adobe format where practical, otherwise, in native form, and to the extent possible, to preserve electronically stored information in original form in the event a question arises regarding same. The parties agree that unless a file is a TIFF in its original form, they will not convert electronically stored information into a TIFF file for production without first discussing the matter with the**

**opposing party and seeking to reach an agreement.**

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Plaintiffs: Plaintiff opposes Defendant's request of an entry of an order staying discovery until the court rules on Defendant's Motion to Dismiss, as described in Section 10 above. Otherwise, none at this time.**

**Defendant: Defendant requests entry of an order staying discovery until the Court rules on Defendant's Motion to Dismiss, as described in Section 10 above.**

13. **Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

__ YES _X_ NO

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows: N/A

14. **Settlement Potential:**

a. Lead counsel for parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 30, 2026, and that they participated in settlement discussions. Other persons who

participated in the settlement discussions are listed according to party.

**For Plaintiffs: *<u>/s/ Patrick J. McDonough</u>***

**Patrick J. McDonough, Jonathan S. Tonge, and Jennifer M. Webster**

**For Defendant: *<u>/s/ Sarah J. Unatin</u>***

**Patrick B. Moore, Lisa K. Whitfield, and Sarah Unatin**

b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

**(X) A possibility of settlement before discovery.**

**(_____) A possibility of settlement after discovery.**

**(_____) A possibility of settlement, but a conference with the judge is needed.**

**(_____) No possibility of settlement.**

c. Counsel (X) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **unknown at present**.

15. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

a. The parties (   ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of ___________, of 20_____.

b. The parties ( X ) do not consent to having this case tried before a magistrate

judge of this court.

Respectfully submitted this 13th day of November, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Patrick J. McDonough*________
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9680 | Facsimile

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Sarah J. Unatin*_____________
PATRICK B. MOORE
Georgia Bar No. 520390
pmoore@wwhgd.com
LISA K. WHITFIELD
Georgia Bar No. 428950
lwhitfield@wwhgd.com
SARAH J. UNATIN
Georgia Bar No. 953061
sunatin@wwhgd.com
*Attorneys for Defendant Safi Investment, Inc.*

600 Peachtree Street, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585 | Telephone
(404) 467-8845 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Patrick J. McDonough*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile